MICHAEL WEISS (State Bar No. 110148)
mweiss@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 284-5650
Facsimile: (310) 557-2193

JAMES B. BALDINGER (Florida Bar No. 869899)
jbaldinger@carltonfields.com
(admitted pro hac vice)
STACEY K. SUTTON (Florida Bar No. 0289530)
ssutton@carltonfields.com
(admitted pro hac vice)
DAVID B. ESAU (Florida Bar No. 0650331)
desau@carltonfields.com
(admitted pro hac vice)
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

Attorneys for Plaintiff
T-Mobile USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PLATFORM ENTERPRISES, a California Corporation; HASSAN Y. ESSAYLI; and DOES 1-50,<br><br>Defendants. | CASE NO. SACV08-444 SGL (JCRx)<br><br>[~~PROPOSED~~] Amended PROTECTIVE ORDER<br><br>Dept.: 1<br>Judge: Hon. Stephen G. Larson |

13424552.1

All terms and conditions set forth herein are expressly limited to the discovery phase of this litigation, as the magistrate judge who has signed this protective order has authority over such matters only during the discovery phase of this litigation. Additionally, the terms and conditions set forth herein do not bind or limit the District Judge as to what material is discoverable during the pre-trial, trial and post-trial phases of this litigation.

Pursuant to the Stipulation of the parties, and good cause appearing, the court hereby enters this Protective Order pursuant the following terms:

## 1. **PURPOSES AND LIMITATIONS:**

Disclosure and discovery activity in this action may involve the production of proprietary and/or confidential information for which special protection from public disclosure and from use for any purposes other than prosecution or defense of this litigation would be warranted. Accordingly, the parties hereby stipulate to the terms and conditions of this Order, and petition this court to enter the following Stipulated Protective Order. In doing so, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles and this agreement to be treated as confidential.

## 2. **DEFINITIONS:**

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery in this matter (including, but not limited to documents and things, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), as well as all copies, excerpts, summaries, or compilations thereof.

2.3   <u>"Confidential" Information or Items</u>:

A.   The designation "CONFIDENTIAL" may be applied by a Party to any type of information which that Party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential customer, supplier, financial,

13424552.1

2

**[PROPOSED] PROTECTIVE ORDER**

1 business, technical, personnel or related information.

2    B.   "Confidential Information" refers to all information which is subject to the designation "CONFIDENTIAL" as described above.

    C.   A document may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when it contains information that qualifies as "CONFIDENTIAL" under Section 2.3(A) and constitutes highly sensitive technical information, non-public financial information, trade secrets, strategic plans, business information, or other information which might put the Designating Party at a competitive disadvantage if the information became known to management or employees of the Receiving Party or to third parties.

2.4   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staff). The present Outside Counsel for the parties to this Stipulated Protective Order are:

   (1)   Byrne & Nixon LLP on behalf of Platform and Essayli;
   (2)   Carlton Fields, P.A. on behalf of T-Mobile; and
   (3)   Proskauer Rose LLP on behalf of T-Mobile.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party or any parent, subsidiary and/or affiliate of a Party (as well as their support staff). House Counsel includes the attorneys employed by the Parties, including but not limited to full or part-time attorneys employed by the Parties or independent contractor lawyers who are not Outside Counsel contracted for work on this matter by the Parties.

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staff).

2.11 <u>Experts and Consultants</u>: A person in a matter pertinent to the litigation who has been retained by a Party, or its counsel, to serve as an expert witness or as a consultant in this action (as well as their support staff). This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE:**

This Stipulation and Order shall govern the production, use, and disclosure of all Discovery Material (as defined above) ~~in~~ *during the discovery phase of* this matter. /R/

4. **DURATION:**

This Stipulation and Order and the confidentiality obligations imposed therein shall be in effect from the date of full execution of this Stipulation and shall remain in effect thereafter unless terminated by mutual agreement of the parties or by further court order.

5. **DESIGNATING PROTECTED MATERIAL:**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection—Limitation on Designated Material</u>. Each Party or non-party that designates information or items for protection under this Order must take the highest degree of

4

care, consistent with the protections afforded under this Order, to limit any such confidential designation to specific material that qualifies under the appropriate standards. A Designating Party must take the highest degree of care, consistent with the protections afforded under this Order, to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    A.   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and indicating that the portion is being marked CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

    B.   for information conveyed or discussed in deposition or other testimony, that the information is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by an indication on the record at the deposition, or by written notice of the specific pages and lines of testimony that are "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" within ten (10) days after receipt of the written transcript of the deposition. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. Prior to and while the ten (10)

13424552.1

5

[PROPOSED] PROTECTIVE ORDER

1  day period is pending, the Parties will treat the transcript and the information
2  contained therein as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in
3  accordance with this Order. Transcript pages containing Protected Material must be
4  separately bound by the court reporter, who must affix to each such page the legend
5  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as
6  instructed by the Party offering or sponsoring the witness or presenting the
7  testimony.

        C.    for information produced in some form other than documents, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        5.3.    The failure of a Party to designate Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order shall not preclude a Party at a later time from subsequently designating such Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Parties understand and acknowledge a Party's failure to designate Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" relieves the other Party of any obligation of confidentiality until such a designation is made. Promptly after any such subsequent designation, the Receiving Party shall mark with the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any such subsequently designated Discovery Material, and all Discovery Material containing any such subsequently designated information will be thereafter appropriately treated in accordance with this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS:**

 6.1 If a Party believes that the basis for marking a document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not readily apparent from the information or the document, the Receiving Party shall notify the Designating Party and follow the meet and confer and other requirements of Local Rule 37 prior to bringing any motion to change the designation of a document.

 6.2 <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL:**

 7.1 <u>Basic Principles</u>. All Protected Material, including but not limited to "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material, may be used solely as set forth in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).

 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

 7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

 A. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

 1. Any court before which this action is pending and any court to which an appeal in this action may arise;

 2. The Parties, including officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this litigation;

3. House Counsel and Outside Counsel (as defined in this Order) representing the Parties and their support personnel whose functions require access to such CONFIDENTIAL Protected Material;

4. Professional Vendors (as defined in this Order) but only for purposes of performing such services and only so long as necessary to perform those services;

5. Court reporters, videographers, and other persons engaged in preparing transcripts of testimony or hearings for this litigation;

6. Experts and Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

7. The author or recipient of the document or the original source of the information;

8. Members of the jury, if any, in this case;

9. Any other person as to whom the parties agree in writing, or as designated as permitted by order of this Court after notice to all parties. T-Mobile and Defendants agree to use their best efforts to allow disclosure to nonparty witnesses or deponents, who are not competitors of T-Mobile and/or Defendants, who have been noticed or subpoenaed for deposition or court in this action, to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent.

Nothing herein shall prevent the Designating Party from using or disclosing its own "CONFIDENTIAL" information in any manner that the Designating Party sees fit.

B. No CONFIDENTIAL material may be disclosed to persons identified in subparagraphs 2, 6, and 9 until they have reviewed this Order and have either (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing Party and provided on request to other counsel of record; or (2) agreed on

1 the record at a deposition to be bound by its terms.

      C.   Use of "CONFIDENTIAL" material at depositions. Any Party may use "CONFIDENTIAL" material pursuant to the terms of this Order as an exhibit in a deposition taken in this litigation, subject to such exhibit being marked "CONFIDENTIAL." If deposition testimony concerning "CONFIDENTIAL" material is requested or elicited, counsel for the Producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order. Each deposition in which "CONFIDENTIAL" material is used shall be treated as "CONFIDENTIAL" without need for designation until ten (10) days after the Producing Party has received a copy of the transcript, at which point the Producing Party may designate portions of the transcript "CONFIDENTIAL."

7.3   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

      A.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the discovery of these of this litigation only to:

      1.   Any court before which this action is pending and any court to which an appeal in this action may arise;

      2.   House and Outside Counsel (as defined in this Order) representing the Parties and their support personnel whose functions require access to such "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material;

      3.   Professional Vendors (as defined in this Order) but only for purposes of performing such services and only so long as necessary to perform those services;

      4.   Court reporters, videographers, and other persons engaged in preparing transcripts of testimony or hearings for this litigation;

      5.   Experts and Consultants (as defined in this Order) of the

9

13424552.1

**[PROPOSED] PROTECTIVE ORDER**

1  Receiving Party to whom disclosure is reasonably necessary for this litigation.

2              6.    The author or recipient of the document or the original
3  source of the information.

4              7.    Any other person as to whom the parties agree in writing,
5  or as designated as permitted by order of this Court after notice to all parties.

6        Nothing herein shall prevent the Designating Party from using or
7  disclosing its own "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
8  information in any manner that the Designating Party sees fit.

9        B.    No "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
10 material may be disclosed to persons identified in subparagraph 5 and 7 until they
11 have reviewed this Order and have either (1) executed a written agreement in the
12 form attached hereto as Exhibit A, which executed agreements shall be maintained
13 by counsel of record for the disclosing Party and provided to other counsel of
14 record at least three (3) business days prior to the disclosure of such
15 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material; or (2) agreed on the
16 record at a deposition to be bound by its terms.

17       C.    <u>Use of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
18 material at depositions</u>.  A Party may use "CONFIDENTIAL – ATTORNEYS'
19 EYES ONLY" material pursuant to the terms of this Order as an exhibit in a
20 deposition taken in this litigation only when the deponent is an officer, director, or
21 other employee of the Party that produced the "CONFIDENTIAL – ATTORNEYS'
22 EYES ONLY" material or an expert designated by a Party, subject to such exhibit
23 being marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If deposition
24 testimony concerning "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
25 material is requested or elicited, counsel for the Producing Party may request that
26 the room in which the deposition is being taken shall be closed except to persons
27 who are permitted access to such information under the terms of this Order.  Each
28 deposition in which "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material

13424552.1

10

1 | are used shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
2 | without need for designation until ten (10) days after the Producing Party has
3 | received a copy of the transcript, at which point the Producing Party may designate
4 | portions of the transcript "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5     7.4   <u>Responding to Subpoenas and Similar Requests</u>. If a Party receives a
6 | subpoena, discovery request, or other similar request that seeks the disclosure of
7 | "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
8 | information or items, the Party receiving such request shall immediately provide
9 | written notice of such request to counsel for the Designating Party identifying the
10 | information or items sought and the date and time production or other disclosure is
11 | required. If the Designating Party timely moves to quash the subpoena or otherwise
12 | files an appropriate objection, the Party receiving the Subpoena or similar request
13 | shall not produce or disclose the material without written approval by counsel of the
14 | Designating Party or by further order of the Court or another court of competent
15 | jurisdiction.

16 | **8. FILING PROTECTED MATERIAL:**
17 | A Party that seeks to file under seal any Protected Material marked
18 | "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must
19 | comply with the guidelines provided under federal law and any local rules in order
20 | to obtain an Order allowing such filing under seal.

21 | **9. REDACTION OF NON-RESPONSIVE INFORMATION:**
22     9.1   <u>Exercise of Restraint and Care in Designating Material for Redaction—</u>
23 | <u>Limitation on Redacted Material</u>. Each Party or non-party that designates
24 | information or items for redaction under this Order must take the highest degree of
25 | care, consistent with the protections afforded under this Order, to limit any such
26 | redactions to specific material that is clearly non-responsive to discovery requests
27 | made in this action, subject to the Producing Party's stated objections. A
28 | Designating Party must take the highest degree of care, consistent with the

11

protections afforded under this Order, to redact from view only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      9.2    Manner and Timing of Redactions. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for redaction under this Order must be clearly so redacted before the material is disclosed or produced. If a Party believes that the basis for redacting a document (or any portion of a document) is not readily apparent from the information or the document, the Receiving Party shall comply with the procedures set forth in Local Rule 37. Redaction in conformity with this Order requires:

      A.    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "REDACTED" on each fully-redacted page. If only a portion or portions of the material on a page qualifies for redaction, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or making redactions using a bold, black, pen stroke) or otherwise indicating that the portion is being redacted ("REDACTED").

      B.    The redacting Party shall provide, for the redactions, a description of the redacted matter sufficient for the non-redacting Party to evaluate the appropriateness of the redaction under this Order. The description pursuant to this subparagraph shall be delivered along with the initial production of the redacted page or pages.

**10.    CHALLENGING REDACTIONS:**

      10.1    Timing of Challenges. A Party does not waive its right to challenge a redaction by electing not to mount a challenge promptly after the original redaction is disclosed.

13424552.1

**[PROPOSED] PROTECTIVE ORDER**

10.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Party's redaction must do so in good faith and must comply with Local Rule 37.

11. **FINAL DISPOSITION:**

Unless otherwise ordered by the District Court, No later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material shall return all such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material, including all copies, extracts, and summaries, to the Producing Party, or, in lieu thereof, shall certify in writing that all such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.

12. **MISCELLANEOUS:**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or items on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. This Protective Order shall not restrict the use or disclosure of documents or portions of documents that: (a) are in the public domain at the time of the use or disclosure; (b) become part of the public domain after the time of the use or disclosure, through no fault of the Receiving Party; (c) are received from a third party who was under no obligation of confidentiality to the Designating Party; or (d)

1 | are derived or obtained independently of the use or disclosure.

2 |     12.4. Upon termination of this action, the Court may exercise jurisdiction for
3 | the purpose of enforcing this Order.

4 |     12.5. <u>No waiver of objections</u>. Nothing in this Order shall constitute a
5 | waiver of a Party's right to the production of Discovery Material or to demand more
6 | stringent restrictions upon the treatment and disclosure of any Discovery Material
7 | on the ground that it contains particularly sensitive information.

8 |     12.6. <u>No waiver of privilege</u>.

9 |         A.    The terms of this Order shall in no way affect a Party's right to
10 | withhold information on grounds of privilege or immunity from discovery such as,
11 | by way of example and not by way of limitation, attorney-client privilege or work
12 | product doctrine.

13 |         B.    The production of any document or other information during
14 | discovery shall be without prejudice to any claim that such material is protected
15 | from discovery under the attorney-client or other privilege such as work product,
16 | and no Party shall be held to have waived any rights by such production. Upon
17 | written request by the Producing Party, the Receiving Party shall: (1) return the
18 | original and all copies of such inadvertently produced privileged documents; (2)
19 | shall not review, copy, or disseminate the privileged documents or information; and
20 | (3) shall not use such documents or information for any purpose absent further
21 | ruling by the Court.

12.7. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by either Party that any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims either Party may have against one another or a third party.

IT IS SO ORDERED.

Dated: 7/9/08

_____
Hon. John C. Rayburn, Jr.
United States Magistrate Judge

13424552.1

[PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California on _____ [date] in the case of *T-Mobile USA, Inc. v. Platform Enterprises, et al.*, Case No. SACV08-444 SGL (JCRx).

I agree to comply with and to be bound by all the terms and conditions of this Stipulated Protective Order and I understand and acknowledge that my failure to so comply could expose me to liability to the Designating Party for damages or injunctive relief for a breach of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2008

_____
City and State where sworn and signed

_____
Printed Name

_____
Signature
13424552.1

[PROPOSED] PROTECTIVE ORDER