O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

| | |
|---|---|
| Case No.   SA CV 08-00444-SGL (JCRx) | Date:  September 30, 2008 |

Title:   T-MOBILE USA, Inc. -v- PLATFORM ENTERPRISES, et al.
=======================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Jim Holmes | None Present |
| Courtroom Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None present | None present |

PROCEEDINGS:     **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3; ORDER REQUIRING ALL FUTURE MEET AND CONFERS TO BE CONDUCTED IN PERSON**

    Local Rule 7-3 requires parties, before filing a motion with the Court, to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  The local rule provides that, if the motion in question is one brought pursuant to Federal Rule of Civil Procedure 12(b), "this conference shall take place at least five (5) days prior to the last day for filing the motion."

    On June 13, 2008, defendants filed a motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  The notice to the motion contained the following statement: "This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by telephone on June 11, 2008."  Thus, at the outset, defendants' motion does not conform to the local rules as the motion was filed three, not five days, after the conference of counsel.

    Moreover, and more importantly, the subsequent exchange of pleadings in connection with said motion has convinced the Court that either defendants' representation that a genuine meet and confer occurred was in error, or that plaintiff's presentation at said meet and confer was not as forthcoming as it should have been – one or both parties simply did not fulfill their obligations under the local rules.  Evidence of an apparently inadequate meet and confer can be gleaned from how

the arguments pressed in the motion have evolved.  For example, in its motion to dismiss, defendants argue that the terms of any contract being asserted against it were to be found on the inside of the packaging material to the product they purchased.  In its opposition, plaintiff contends that its complaint was not limited to the paperwork found on the inside of the product's packaging material, but also to language on the outside of the package as well.  Similarly, the parties have divergent understandings as to plaintiff's allegations concerning the manner in which defendants manifested assent to said terms and conditions.  In the motion, defendants argue that the complaint alleges such manifestation of assent was achieved through the purchase of the products, whereas in its opposition plaintiff contends that the complaint alleges that such manifestation of intent was through defendants' failure to return the products within thirty days of purchase.  Plaintiff's contention raised an issue presented for the first time by defendants in their reply as to the effect a "restocking fee" would have on the failure to return theory (as well as an argument that the failure to return theory by plaintiff was the presentation of "new facts" (Def's Reply at 2 n.2)).  Along the same lines, the theory underlying plaintiff's contributory infringement claim, the exact nature of its fifth claim for relief, and the statutory underpinning of plaintiff's "harm to goodwill" claim, has all had to await elucidation through the filing of pleadings by the parties.  (Compare Def Mot. Dismiss at 9,10, 13 with Pl's Opp. at 9-10, 11, 13 with Def's Reply at 4-5, 8).

      The following statements by the parties, which appear throughout their pleadings, are revealing:  Plaintiff in its opposition "recharacterized many of the allegations in its complaint to alter their meaning entirely"; "T-Mobile for the first time explains"; "it is unclear . . . whether [plaintiff] is attempting to state a cause of action for [X, Y, or] both"; and  "defendants fail to recognize that T-Mobile alleges. . . "  (Def's Mot. Dismiss at 10; Def's Reply at 1, 8; Pl's Opp. at 9).  Indeed, plaintiff's perceived need to file a surreply indicates what has become all too apparent in reviewing the parties' pleadings — a true meet and confer did not occur before the filing of the instant motion. The need in this case for the parties to grope toward an understanding of each other's respective positions (and the nature of the claims at issue) through the process of filing an opposition, a reply, and then a surreply underscores the parties' failure to hold a genuine meet and confer before filing the present motion.

      Accordingly, the Court hereby **DENIES WITHOUT PREJUDICE** defendants' motion to dismiss and its companion motion to strike.  Should defendants wish to file a second motion to dismiss or motion to strike, the parties must conduct a genuine meet and confer beforehand. Moreover, given the breakdown before the filing of the instant motion, the Court directs that any further meet and confer in this case be done in person with notice to that effect in any motion filed thereafter.

      **IT IS SO ORDERED.**