MICHAEL H. WEISS (State Bar No. 110148)          JS-6
mweiss@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone: (310) 557-2900
Facsimile:  (310) 557-2193

JAMES B. BALDINGER (Florida Bar No. 869899)
jbaldinger@carltonfields.com
(admitted pro hac vice)
Stacey K. Sutton (Florida Bar No. 0289530)
ssutton@carltonfields.com
(admitted pro hac vice)
David B. Esau (Florida Bar No. 0650331)
desau@carltonfields.com
(admitted pro hac vice)
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

Attorneys for Plaintiff
T-Mobile USA, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

14938640.1

FINAL JUDGMENT OF PERMANENT INUNCTION AGAINST PLATFORM ENTERPRISES AND HASSAN Y ESSAYLI

1

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation | Case No. 08-cv-00444-SGL (SSx) |
| | **FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST PLATFORM ENTERPRISES AND HASSAN Y. ESSAYLI** |
| Plaintiff, | |
| v. | |
| PLATFORM ENTERPRISES, a California Corporation; HASSAN Y. ESSAYLI; and DOES 1-50, | |
| Defendants. | |

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against Defendants Platform Enterprises and Hassan Y. Essayli ("Defendants") asserting that Defendants are engaged in an enterprise involving the acquisition, sale, and alteration of large quantities of T-Mobile prepaid wireless telephones ("T-Mobile Prepaid Handsets" or "Handsets") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase T-Mobile Prepaid Handsets for Defendants' benefit, disabling the prepaid software installed in the Handsets essential for consumers to access T-Mobile's prepaid wireless network, or reselling the Handsets to others who disable the software, and ultimately selling the altered Handsets as new under T-Mobile's trademarks for the unauthorized use outside of the T-Mobile prepaid wireless system for profit (the "Bulk Resale Enterprise").

As a result of Defendants' alleged involvement in the Bulk Resale Enterprise, T-Mobile asserted claims against Defendants for breach of contract; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and

14938640.1

(B); unfair competition under California common law; contributory trademark infringement; tortious interference with business relationships and prospective advantage; harm to T-Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment; and conspiracy to induce a breach of contract.  Accordingly, it is hereby:

**ORDERED, ADJUDGED** and **DECREED** that:

**1.**     This Court has jurisdiction over all of the parties and all of the claims set forth in T-Mobile's Complaint.

**2.**     The Court finds that T-Mobile has the right to use and enforce said rights in the standard character mark T-Mobile and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"), which are used in connection with telecommunications products and services,  as depicted below:

T-Mobile uses the T-Mobile Marks on and in connection with its telecommunications products and services.   The T-Mobile Marks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with T-Mobile.

**3.**     The Court finds that Defendants' involvement in the Bulk Resale Enterprise, if proven as alleged, would constitute breach of contract; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and

14938640.1

(B); unfair competition under California common law; contributory trademark infringement; tortious interference with business relationships and prospective advantage; harm to T-Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment; and conspiracy to induce a breach of contract.

**4.** The Court further finds that Defendants' participation in the Bulk Resale Enterprise, if proven as alleged, would have caused substantial and irreparable harm to T-Mobile, and would continue to cause substantial and irreparable harm to T-Mobile unless enjoined.

**5.** T-Mobile is entitled to injunctive relief on the claims set forth in the Complaint.

**6.** Final judgment of permanent injunction is hereby entered against Defendants Hassan Y. Essayli, individually, and Platform Enterprises, a California corporation, and in favor of the Plaintiff, T-Mobile USA, Inc.

**7.** Defendants Platform Enterprises and Hassan Y. Essayli, and each and all of their representatives, agents, employees and any and all persons and entities who Defendants control shall be and hereby are PERMANENTLY ENJOINED from:

> **(A)** purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any T-Mobile Prepaid Handsets as well as "Activation Materials," which consist of SIM cards, activation numbers and/or other materials packaged with T-Mobile prepaid phones that are used to activate

14938640.1

service or acquire airtime from T-Mobile, currently offered for sale by T-Mobile or that may be offered for sale in the future, as listed and updated from time to time on T-Mobile's website, http://www.tmobile.com, regardless of whether such devices are in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person;

**(B)**    accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any T-Mobile Prepaid Phone;

**(C)**    facilitating or assisting other persons or entities who Defendant(s) know or should know are engaged in unlocking T-Mobile Prepaid Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in T-Mobile Prepaid Handsets or fraudulently activating SIM cards;

**(D)**    facilitating or assisting in any way assisting, persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling locked or unlocked T-Mobile Prepaid Handsets and/or Activation Materials; and

**(E)**    knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-

14938640.1

FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST PLATFORM ENTERPRISES AND HASSAN Y ESSAYLI

Mobile now or in the future, for the purpose of selling T-Mobile Prepaid Handsets and/or Activation Materials without T-Mobile's prior written authorization.

**8.**     The last known address of Defendant Hassan Y. Essayli is 18572 Paseo Pizarro, Irvine, California 92603.

**9.**     The last known address of Defendant Platform Enterprises is 23102 Terra Drive, Laguna Hills, California 92653.

**10.**     The address of Plaintiff, T-Mobile USA, Inc. is 12920 S.E. 38th Street, Bellevue, Washington  98006.

**11.**     The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to T-Mobile in an amount of $5,000 for each T-Mobile Prepaid Handset that Defendants are found to have purchased, sold, or unlocked in violation of this injunction.  The Court finds that these amounts are compensatory and will serve to compensate T-Mobile for its losses in the event Defendants violate the terms of this Order.

**12.**     The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

**13.**     The Stipulated Protective Order and Order Thereon entered July 9, 2008 [D.E. 56] are hereby VACATED.  The Court further orders that the parties

14938640.1

1  will keep all documents exchanged between them as confidential and will not share

2  or use these documents in any way except as agreed to in writing by the parties.

3

4      DONE AND ORDERED in Chambers in Los Angeles, California this 13th

5  day of May, 2009.

6  _____

7  JUDGE, UNITED STATES DISTRICT COURT

8  Copies furnished to:

9  Counsel and pro se litigants of record.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14938640.1

FINAL JUDGMENT OF PERMANENT INUNCTION AGAINST PLATFORM ENTERPRISES AND HASSAN Y ESSAYLI